IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>REGULO SIERRA,<br>　　　　Appellant,<br>　　v.<br>JANINA M. HOSKINS, Chapter 11 Trustee in Bankruptcy,<br>　　　　Appellee. | No. C 11-03630 CRB<br><br>**ORDER DENYING MOTION TO REASSIGN** |

　　On August 19, 2011, Appellant filed a one-page "Petition by Appellant to assign a [sic] another Judge to the case" ("Motion"). There are two means for disqualifying a district judge, either pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455. Since Appellant did not file an affidavit attesting to actual personal bias against him or in favor of another party as required by 28 U.S.C. § 144, the Court assumes the Motion is pursuant to § 455.

　　Under § 455(a), recusal may be had where the judge's impartiality may reasonably be questioned or under § 455(b) where the judge "knows that he . . . has [an] interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

　　Here Appellant identified two potential grounds for disqualification in his motion: (1) a conflict of interest; and (2) prejudice due to other appeals in the Sophie Ng bankruptcy case. First, Appellant provides no explanation or allegations to support a conflict of interest. He was not a party in other appeals in the Sophie Ng case, nor does he state he has a vested

1 interest in those actions.  Second, adverse rulings in the prior appeals "do not constitute the
2 requisite bias or prejudice" to support disqualification.  <u>United States v. Azhocar</u>, 581 F.2d
3 735, 739 (9th Cir. 1978); <u>see also</u> <u>Berger v. United States</u>, 255 U.S. 22, 34 (1921).  As
4 Appellant fails to identify any grounds for disqualification, nor does the Court discern any
5 such grounds, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 8, 2011

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

G:\CRBALL\2011\3630\Order Denying Motion to Reassign.wpd          2