United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

REGULO SIERRA,

    Appellant,

v.

JANINA M. HOSKINS, Chapter 11 Trustee in Bankruptcy,

    Appellee.

No. C 11-03630 CRB

**ORDER DENYING MOTION TO REASSIGN**

On August 19, 2011, Appellant filed a one-page "Petition by Appellant to assign a [sic] another Judge to the case" ("Motion"). There are two means for disqualifying a district judge, either pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455. Since Appellant did not file an affidavit attesting to actual personal bias against him or in favor of another party as required by 28 U.S.C. § 144, the Court assumes the Motion is pursuant to § 455.

Under § 455(a), recusal may be had where the judge's impartiality may reasonably be questioned or under § 455(b) where the judge "knows that he . . . has [an] interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

Here Appellant identified two potential grounds for disqualification in his motion: (1) a conflict of interest; and (2) prejudice due to other appeals in the Sophie Ng bankruptcy case. First, Appellant provides no explanation or allegations to support a conflict of interest. He was not a party in other appeals in the Sophie Ng case, nor does he state he has a vested

1 interest in those actions. Second, adverse rulings in the prior appeals "do not constitute the
2 requisite bias or prejudice" to support disqualification. United States v. Azhocar, 581 F.2d
3 735, 739 (9th Cir. 1978); see also Berger v. United States, 255 U.S. 22, 34 (1921). As
4 Appellant fails to identify any grounds for disqualification, nor does the Court discern any
5 such grounds, the Motion is DENIED.

6 **IT IS SO ORDERED.**

9 Dated: September 8, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE