IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

REGULO SIERRA,

        Appellant,

  v.

JANINA M. HOSKINS, Chapter 11 Trustee in Bankruptcy,

        Appellee.

No. C 11-03630 CRB

**ORDER AFFIRMING JUDGMENT**

      Appellant Regulo Sierra appeals a bankruptcy court order issued by Bankruptcy Judge Carlson in the Chapter 11 bankruptcy case of Sophie Ng. Sierra filed a claim in the Ng estate for $76,920, to which Appellee, the estate's trustee, Janina M. Hoskins ("the Trustee") objected. The bankruptcy court disallowed the secured portion of the claim after an initial hearing, and then after Sierra failed to provide admissible evidence supporting the unsecured portion of the claim, the bankruptcy court sustained the Trustee's objection and disallowed Sierra's claim in its entirety. Sierra appealed to this Court. For the following reasons, the Court AFFIRMS the bankruptcy court's decision.

**I.    BACKGROUND**

      This appeal arises out of Sophie Ng's Chapter 11 bankruptcy ("the Ng Bankruptcy"). On April 30, 2009, Appellant Regulo Sierra filed a proof of claim in the Ng Bankruptcy

United States District Court
For the Northern District of California

action in the amount of $76,920.  June 2, 2011 Bankruptcy Court Order (dkt. 3-7) ("6/2 BR Order") at 1.  The claim concerned real property commonly known as 3428 Shelter Lane #760, San Bruno, California ("the Property"), that Sierra and Ng owned together as tenants in common.  Id.  Sierra asserts that he and Ng entered a partnership agreement in February 2003 for the purchase of the Property whereby ownership of the Property was to be split 70% to Ng and 30% to Sierra.  Appellant's Principal Brief (dkt. 10) ("Sierra Brief") at 2.  Sierra claims that since entering the agreement, he alone has been paying "100% [of] all mortgages, insurance, maintenance, property taxes [and] homeowners association fees."  Id.  Sierra further claims that in December 2005, without his permission or knowledge, and in violation of the partnership agreement, Ng "encumbered the property [and] cashed out the built up equity" in the amount of $76,920, leading him to file a claim for that amount in the Ng Bankruptcy.  Id. at 2, 3; Bankruptcy Case 06-30904 Claim 15-1.

On April 12, 2011, the Trustee filed an objection to Sierra's claim.  See Appellee's Response to Court's Order Re Supplemental Filing (dkt. 20) Ex. B: Trustee's Objection to Claim No. 15 – Regulo Sierra ("Trustee's Objection").  The Trustee requested that Sierra's claim be disallowed because (1) the Trustee had abandoned the property which was the basis of Sierra's claim, and thus he had no secured claim against Ng,[1] (2) Sierra had not provided any supporting documents for any claim relating to a Partnership amount due by Ng, and (3) Sierra's claim was untimely.  See id.

On May 2, 2011, Sierra responded to the Trustee's objection, with what Trustee describes as "an eight page unintelligible statement without attaching any evidentiary support for his claim."  Appellee's Brief (dkt. 12) at 3.

---

[1] After investigation, the Trustee discovered that the Property was encumbered by a first deed of trust in the sum of approximately $205,000 to $210,000, a second deed of trust in the sum of $76,000, and a third deed of trust in the sum of $50,000 (the third deed was collateralized by other property in the estate).  Trustee's Objection at 2.  The Trustee determined that even excluding the third deed of trust, the Property would sell for about $320,000.  Id.  Considering the "costs of sale, potential taxes, and other issues related to the contested equity interest by Claimant, the Property was burdensome and of inconsequential value to the estate."  Id.  On April 10, 2007 the Trustee filed a Notice of Abandonment of the Property, and on May 29, 2007 the bankruptcy court entered an order authorizing the Trustee's abandonment of the Property.  Id.  After abandonment, the Property was relinquished from the bankruptcy estate.  The Trustee thus objected to Sierra's claim in part because the "Trustee did not administer the Property which is the basis for [Sierra's] Claim."  Id. at 3.

The bankruptcy court held an initial hearing on the Trustee's objection to Sierra's claim on May 27, 2011. At the hearing, Judge Carlson concluded that Sierra's claim was not untimely,[2] but ultimately found that any secured claim of Sierra's must be "disallowed in its entirety, on the basis that the bankruptcy estate has abandoned all interest in the Property."[3] 6/2 BR Order at 2. However, Judge Carlson found that Sierra potentially had a valid unsecured claim, based on his partnership with Ng and Sierra's allegations that "he paid a disproportionate share of the common expenses of the Property." Id. Judge Carlson held that "under California law, [Sierra] is entitled to collect any such overpayments from [Ng]'s interest in the Property," but only if Sierra could provide "admissible evidence of an agreement creating *in personam* liability for reimbursement of expenses, and admissible evidence of the amount of such payments." Id. Sierra was thus ordered to file and serve such evidence by June 20, 2011. Id. Judge Carlson's Order also stated that "[i]f Sierra does not timely and fully comply [with the court's request for admissible evidence supporting his claim] the court will direct counsel for Trustee to lodge an order disallowing the Claim in its entirety . . . ." Id.

On June 20, 2011, Sierra filed with the bankruptcy court a partnership agreement and a mortgage statement regarding the Property. See Appellee's Excerpts of Record: Sierra Declaration ("Sierra Declaration") (dkt. 3-5). The partnership agreement provides that Ng and Sierra purchased the Property as partners, split 70% to Ng and 30% to Sierra, but that "[a]ll morgages [sic] shall be paid by Regulo Sierra . . . . Home owner's Association Dues shall be paid by Regulo Sierra . . . [and] Property Taxes shall be split as follow [sic]: Sophie Ha Ng 70% and Regulo Sierra 30%." Id. There was no evidence in the partnership agreement of a provision that would impose *in personam* liability for reimbursement of

---

[2] Though the formal proof of claim was filed nearly two years after the claims bar date (Jan. 27, 2007), the bankruptcy court considered Sierra's claim because he had informed the Trustee by letter dated January 17, 2007 (see Letter, dkt. 15-1) of his $76,920 claim against Ng, and this constituted an informal proof of claim filed before the bar date. See Appellee's Response to Court's Order Re Supplemental Filing (dkt. 20) Ex. A: Transcript of 5/27/11 Hearing on Trustee's Objection to Claim No. 15 ("Objection Hearing Transcript") at 3. The Trustee does not challenge the bankruptcy court's consideration of Sierra's late-filed claim on appeal.

[3] A "secured claim" is a "claim of a creditor secured by a lien on property in which the estate has an interest." 11 U.S.C. § 506 (2006). All other claims are "unsecured claims."

3

1  expenses regarding the Property on either partner. See id. The mortgage statement indicates
2  that the amount due for March 2003 was paid, but does not indicate by whom. See id.
3  Nothing in Sierra's declaration indicated how much Sierra paid regarding the property or
4  how Ng failed to make payments. See id. Though he claimed that the Trustee had "received
5  all documentation to investigate the claims" back in 2006, Sierra offered no additional
6  evidence that would substantiate this claim, and the Trustee in her opposition to Sierra's
7  declaration, denied having received such documentation. Id.; Trustee's Response to Sierra's
8  Declaration (dkt. 3-6).

9  On July 7, 2011, the Bankruptcy Court issued a second order in which Judge Carlson
10 found that Sierra had failed to comply with the court's earlier order, as "[n]either the
11 partnership agreement nor the mortgage statement [submitted by Sierra] establish[ed] an
12 agreement to impose upon [Ng] *in personam* liability for reimbursement of expenses re the
13 Property." July 7, 2011 Bankruptcy Court Order ("7/7 BR Order") (dkt. 1-1) at 1.
14 Accordingly, the court sustained the Trustee's objection to Sierra's claim and disallowed
15 Sierra's claim in its entirety. Id at 2.

16 Sierra now appeals the bankruptcy court's July 7, 2011 order disallowing his claim.
17 Notice of Appeal (dkt. 1).

## II.     LEGAL STANDARD

A district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. In re Int'l Fibercom, Inc., 503 F.3d 933, 940 (9th Cir. 2007). The reviewing court accepts "findings of fact made by the bankruptcy court unless these findings leave the definite and firm conviction that a mistake has been committed by the bankruptcy judge." Latman v. Burdette, 366 F.3d 774, 781 (9th Cir. 2004). Mixed questions of law and fact are reviewed *de novo*. Hamada v. Far E. Nat'l Bank, 291 F.3d 645, 649 (9th Cir. 2002).

## III.    DISCUSSION

In its July 7, 2011 Order, which is now the basis of this appeal, the bankruptcy court sustained the Trustee's objection to Sierra's claim and disallowed the claim in its entirety.

4

7/7 BR Order at 2. The bankruptcy court incorporated its earlier finding that Sierra had no secured claim in the Ng estate, and further held that Sierra could not establish any unsecured claim against Ng. Id. at 1-2. This order will first address the bankruptcy court's conclusion as to the secured claim, and then the bankruptcy court's holding as to the unsecured claim.

### A.     The Bankruptcy Court properly concluded that Sierra had no secured claim against the Ng Bankruptcy estate

Sierra appeals from the bankruptcy court's July 7, 2011 order, where the court found that Sierra could not establish that he had a valid unsecured claim against Ng. See Notice of Appeal (dkt. 1). Yet, the court, in disallowing Sierra's claim in its entirety, also incorporated its earlier finding that Sierra had no secured claim against Ng regarding the Property. See 7/7 BR Order at 1. Judge Carlson had disallowed Sierra's secured claim "on the basis that the bankruptcy estate has abandoned all interest in the Property." 6/2 BR Order at 2. Thus, the Court addresses this issue as well.

Abandonment divests the trustee of control over the property and is the "formal relinquishment of the property at issue from the bankruptcy estate." Catalano v. C.I.R., 279 F.3d 682, 685 (9th Cir. 2002). To have a secured claim, a creditor must have a claim "secured by a lien on property in which the estate has an interest." 11 U.S.C. § 506. Thus, when the Trustee abandoned the property that formed the basis of Sierra's secured claim, his secured claim was necessarily eliminated because the property was no longer part of the bankruptcy estate.

The parties have not certified to the record on appeal any information regarding the Trustee's abandonment of the property beyond the Trustee's description of why she filed a notice of abandonment in her Objection to Sierra's claim, and that the bankruptcy court did ultimately authorize the abandonment. See Trustee's Objection (dkt. 20 Ex. B) (summarized in n.2, *supra*). It is unclear whether Sierra was provided notice of abandonment or whether he previously objected to the Trustee's abandonment of the Property. It is also unclear whether a hearing was held regarding the Property's abandonment. It is clear, however, that the Property was abandoned from the bankruptcy estate, and that the bankruptcy court did

5

not err in finding that Sierra's secured claim was eliminated on the basis of the Property's abandonment.

To the extent Sierra challenges the underlying abandonment, more information is needed before this Court could determine whether the Property was properly abandoned. However, if Sierra was provided notice of the abandonment, it is likely that his objection now is untimely. Bankruptcy Rule 6007(a) provides that "[a] party in interest may file and serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court." Sierra has not alleged that he failed to receive notice of the abandonment. See generally Sierra Brief. Indeed, it appears that Sierra was living on the Property at the time of the abandonment. See Trustee's Response to Sierra Declaration (dkt. 3-6) at 3. Given Sierra's failure to challenge the notice or to argue that he did not receive notice of abandonment, the Court finds he has waived any objection to the propriety of the abandonment. Absent a timely objection, non-technical abandonment of property is irrevocable. In re DeVore, 223 B.R. 193, 197 (B.A.P. 9th Cir. 1998).

### B. The Bankruptcy Court properly concluded that Sierra had no unsecured claim against Ng bankruptcy estate

Sierra's claim also included allegations that he paid a disproportionate amount of the common expenses of the Property, which Judge Carlson held, under California Law, could form the basis of an unsecured claim in the event Sierra could provide "admissible evidence of an agreement creating *in personam* liability for reimbursement of expenses, and admissible evidence of the amount of such payments." 6/2 BR Order at 2. Because Sierra failed to comply with the bankruptcy court's order to submit such evidence, the bankruptcy court found that Sierra could not establish an unsecured claim, and thus disallowed Sierra's claim in its entirety. See 7/7 BR Order at 1-2.

Under California law, a co-tenant who pays more than his or her share of the common expenses of the property may recover the overpayment from the other co-tenants. Conley v. Sharpe, 136 P.2d 376, 381-82 (Cal. Ct. App. 1943). The overpaying co-tenant is entitled to a lien against the interests of the noncontributing co-tenants, see id. at 382, but the co-tenant is "not entitled to a personal judgment in the absence of an agreement to the contrary." 5

1  Miller & Star, Cal. Real Est. § 12:10 (3d ed. 2000); see also Higgins v. Eva, 267 P. 1081,
2  1084 (Cal. 1928) ("[W]e know of no authority, and none has been called to our attention,
3  holding that one co-tenant can recover a personal judgment against another cotenant in the
4  absence of contract to that effect.").

5      As described above, because the Property that Sierra owned in partnership with Ng
6  was abandoned from the bankruptcy estate, Sierra cannot assert any secured claim for
7  overpaid expenses against the bankruptcy estate. Thus, Judge Carlson properly concluded
8  that Sierra's only option for relief was to provide evidence of an agreement or contract that
9  would make Ng personally liable for the common expenses that Sierra paid in excess of his
10 own obligations. See Sharpe, 136 P.2d at 381-82. Sierra did not, and still has not, provided
11 any such evidence.

12     The partnership agreement submitted by Sierra does not include any provision that
13 would even remotely suggest that *in personam* liability should be imposed upon Ng for
14 reimbursement of expenses related to the Property. See Sierra Declaration. If anything, the
15 agreement submitted by Sierra actually shows that he was responsible for more of the
16 expenses than he claims, including "all morgages [sic]," all homeowner's association dues,
17 and all maintenance and repairs. See id. The agreement indicates that only the property
18 taxes were to be paid according to the 70/30 split between Ng and Sierra. See id. Sierra also
19 failed to provide any evidence of the overpayments he allegedly made, as requested by the
20 bankruptcy court in its June 2, 2011 Order. See 6/2 BR Order at 2. Sierra only submitted a
21 single "Mortgage Payment Coupon" that shows that the amount due for March 2003, on a
22 loan from Accredited Home Lenders, Inc., was paid. See Sierra Declaration. Yet the
23 document does not indicate who made the payment, and the customer listed on the document
24 is "Sophie Ng." See id. Sierra's name does not even appear anywhere on the document. See
25 id. The bankruptcy court properly concluded that these submissions fail show that Sierra had
26 a valid unsecured claim based on the overpayment of common expenses related to the
27 Property. See 7/7 BR Order at 1-2. This conclusion remains the same whether the issue is
28 regarded as one of law or fact, as it is correct under either standard of review.

7

## IV.   CONCLUSION

For the foregoing reasons, the Court AFFIRMS the bankruptcy court's Order Sustaining Trustee's Objection to Claim Filed by Regulo Sierra.

**IT IS SO ORDERED.**

Dated: December 14, 2011

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE